UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNY L. WILLIAMS, ET AL.

CIVIL ACTION

VERSUS

NO. 16-179-BAJ-EWD

TOYOTA MOTOR MANUFACTURING,
INDIANA, INC.

## RULING AND ORDER ON UNOPPOSED MOTION TO COMPEL

Before the court is a Motion to Compel Discovery Responses (the "Motion to Compel")
filed by defendant, Toyota Motor Manufacturing, Indiana, Inc. ("TMMI").[1]  By the Motion to
Compel, TMMI seeks an order compelling plaintiffs, Kenny Williams and Tammie Gosa
("Plaintiffs") to respond to Interrogatories and Requests for Production of Documents propounded
to Plaintiffs on July 6, 2016.[2]  TMMI also seeks reasonable expenses, including attorney's fees,
pursuant to Fed. R. Civ. P. 37(a)(5)(A).  Any opposition to the Motion to Compel was required to
be filed within 21 days after service of the Motion.  LR 7(f).  More than 21 days have passed since
the filing of the Motion to Compel and Plaintiffs have not filed an opposition as of the date of this
Ruling and Order.  The Motion to Compel is therefore unopposed.

For the reasons that follow, the Motion to Compel is **GRANTED**[3] and TMMI's request
for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**.

---

[1] R. Doc. 11.

[2] *See*, R. Doc. 11 & 11-2.

[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A).
"A motion to compel is a nondispositive, pretrial discovery motion."  *State Farm Mut. Auto. Ins. Co. v. Friedman*,
2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (citing *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)).  *See,
Turner v. Hayden*, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny
Turner's Motion to Compel Discovery is a non-dispositive matter."); *U.S. v. Toney*, 2012 WL 2952768, at *1 (W.D.
La. July 19, 2012) ("The Court must apply a 'clearly erroneous' or 'contrary to law' standard of review to a magistrate
judge's ruling on a nondispositive pre-trial motion, such as a motion to compel." (citations omitted)); *In re Tex.
Bumper Exchange, Inc*., 333 B.R. 135, 138 (Bankr. W.D. Tex. 2005) (holding bankruptcy court's order granting
motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and
did not dispose of the merits of litigation).

## I.       Background

On or about February 5, 2016, Plaintiffs filed a Petition for Damages against TMMI in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, alleging that Plaintiffs suffered injuries as a result of an automobile accident that occurred on February 8, 2015.[4]  The matter was removed to this court on March 17, 2016 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5]

TMMI asserts that it propounded Interrogatories and Requests for Production to each Plaintiff separately on July 6, 2016.[6]  In a letter dated October 21, 2016, TMMI noted that Plaintiffs' discovery responses were overdue and scheduled a discovery conference for October 31, 2016.[7]  TMMI asserts that the discovery conference took place as scheduled on October 31, 2016 and that during the conference the parties agreed that Plaintiffs' discovery responses would be provided by November 15, 2016.[8]  TMMI has submitted a copy of an October 31, 2016 letter to counsel for Plaintiffs confirming that agreement.[9]

TMMI filed the Motion to Compel on December 2, 2016.[10]  TMMI asserts that as of the date it filed this Motion, it has not received responses to its discovery requests from either plaintiff, and Plaintiffs' counsel has not contacted counsel for TMMI regarding the outstanding discovery.[11]  Because Plaintiffs' discovery responses "are almost four months overdue, without explanation and

---

[4] R. Doc. 1-2.

[5] R. Doc. 1.

[6] *See*, R. Doc. 11-2.

[7] R. Doc. 11-4.

[8] R. Doc. 11-1, p. 2.

[9] R. Doc. 11-5.

[10] R. Doc. 11.

[11] R. Doc. 11-1, p. 2.

despite defendant's good faith attempts to elicit those responses, including providing plaintiffs with additional time as requested," TMMI seeks an order from this court "compelling plaintiffs to respond to the Interrogatories and Requests for Production within a time certain, failing which plaintiffs' action will be dismissed with prejudice or such other sanction as the Court deems appropriate."[12]   Additionally, TMMI, "requests an Order awarding it costs and attorney's fees incurred in connection with this motion."[13]

## II.   Law and Analysis

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). Federal Rules of Civil Procedure 33 and 34 provide that a party upon whom interrogatories and requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id*.

"For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc*., 2016 WL 4265758, at *1 (E.D. Tex.

---

[12] R. Doc. 11-1, p. 3.

[13] R. Doc. 11-1, p. 3. TMMI does not state the amount of costs and fees it contends would be reasonable.

Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at \*2 (E.D. Tex. Feb. 10, 2010)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Mirror Worlds Technologies, LLC*, 2016 WL 4265758 at \*1.  *See also, Wymore v. Nail*, 2016 WL 1452437, at \*1 (W.D. La. April 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))); *Rivero v. Sunbeam Products, Inc.*, 2010 WL 11451127, at \*4 (W.D. Tex. Jan. 12, 2010) ("Plaintiffs, who bear the burden of proof in support of their motion to compel . . . .").

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See also*, *Nguyen v. Louisiana State Board of Cosmetology*, 2016 WL 67253, at \* 3 (M.D. La. Jan. 5. 2016) ("Because the Court has granted Defendant's Motion to Compel and no exceptions apply, Defendant is entitled to an award of reasonable expenses, including attorney's fees.").

The court finds that TMMI has met its burden of proving that the Motion to Compel should be granted.  TMMI submitted documentation showing that it propounded Interrogatories and Requests for Production on the Plaintiffs on July 6, 2016.[14]  TMMI also submitted documentation

---

[14] R. Doc. 11-2.

showing that it scheduled an October 31, 2016 discovery conference with Plaintiffs and that following that conference TMMI sent written correspondence to Plaintiffs' counsel confirming the parties' agreement that Plaintiffs' responses to the outstanding discovery requests would be provided to TMMI by November 15, 2016.[15] Despite this apparent agreement, Plaintiffs have not submitted any written responses or objections to TMMI's discovery requests. Moreover, Plaintiffs have not filed any objection to the instant Motion to Compel.

Because the court grants TMMI's Motion to Compel, the court further finds that an award of reasonable expenses is required under Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs were given an opportunity to respond to TMMI's request for fees but failed to file an opposition. Nonetheless, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Nguyen v. Louisiana State Board of Cosmetology*, 2016 WL 67253, at * 3 (M.D. La. Jan. 5. 2016). As noted above, TMMI has not asserted a specific amount of expenses it contends would be reasonable, nor has it submitted evidence of the amount of expenses incurred. In such a circumstance, this court finds an award of $500.00 is reasonable. *See*, *Doucet v. Dormont Manufacturing Co.*, 2014 WL 2434472, at * 4 (M.D. La. May 29, 2014) ("Defendant did not claim a specific amount of expenses incurred in filing its motion. However, a review of the motion and memoranda supports the conclusion that an award of $450.00 is reasonable."); *Rivera v. Martin J. Donnelly Antique Tools*, 2015 WL 6872506, at * 3 (M.D. La. Nov. 9, 2015) ("Plaintiff has not demonstrated any circumstances which would make an award of expenses to the defendant unjust. Defendant did not submit anything to establish a specific amount of expenses incurred in filing this motion. A review of the motion papers supports finding that an award of $500.00 is reasonable.").

---

[15] R. Docs. 11-4 & 11-5.

### III.     Conclusion

In light of the failure of the Plaintiffs to timely respond to the discovery requests and there being no opposition to TMMI's Motion to Compel, the Motion to Compel[16] is **GRANTED**.

**IT IS ORDERED** that plaintiffs, Kenny Williams and Tammie Gosa shall provide written responses without objections to the outstanding Interrogatories and Requests for Production of Documents within fourteen (14) days of the date of this Ruling and Order. As such, TMMI's request for reasonable expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is **GRANTED**, and Plaintiffs are **ORDERED** to pay TMMI $500.00 for the costs and attorney's fees it incurred in filing the Motion to Compel.

**Failure of Plaintiffs to comply with the terms of this Order may result in additional sanctions.**

Signed in Baton Rouge, Louisiana, on January 4, 2017.


                                **ERIN WILDER-DOOMES**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Doc. 11.